**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SAMUEL R. MASSEY                                                                           PLAINTIFF

v.                              Case No. 4:09CV00855 JLH

OSCAR E. JONES; TIM WEAVER;
JOHN NORMAN HARKEY; SCOTT STALKER;
LINDA BOONE; DON MCSPADDEN;
CHANEY TAYLOR; STEPHEN CHOATE[1];
BARBARA A. GRIFFIN; CLAUDIA NOBLES;
ANN MCCARTHY; KEITH BOWERS;
JILL BLANKENSHIP; JENNY CANARD;
BECKY CLARK; OFFICE OF CHIEF COUNSEL
ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Batesville Office; and UNKNOWN POLICE OFFICERS        DEFENDANTS

**OPINION AND ORDER**

Samuel Massey brings this action *pro se*, alleging fraud and violations of his First Amendment right to access to the courts, the Equal Protection Clause, and the Racketeer Influenced and Corrupt Organizations Act (RICO). Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have been filed by Jill Blankenship (Document #2); Sheriff Keith Bowers, Judge Chaney Taylor, Claudia Nobles, and Ann McCartney (the "Independence County Defendants") (Document #25); Tim Weaver, John Norman Harkey, Linda Boone, Don McSpadden, Chaney Taylor, Stephen Choate, Jenny Canard, Becky Clark, and the Office of Chief Counsel for the ADHS, Batesville Office (Document #28); Oscar Jones (Document #33); Barbara Griffin (Document #35)[2];

---

[1]The complaint names "Steven Chotes" as a defendant. Massey apparently meant to sue the Honorable Stephen Choate, Circuit Judge for the Sixteenth Judicial District, which includes Independence County. A motion to dismiss has been filed on behalf of Judge Choate, along with others. The Clerk is directed to correct the docket to reflect the correct party defendant as "Stephen Choate."

[2]Griffin filed an answer in which she asked the Court to dismiss the complaint, among other reasons, for failure to state a claim. Massey responded as though Griffin had filed a motion

and Scott Stalker (Document #38). Massey has responded only to the motions of Blankenship, Jones, and Griffin. The deadline for responding to the other motions has passed. For the following reasons, the motions to dismiss are granted.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

---

to dismiss, so the Court will treat her answer as such.

Massey's complaint alleges violations of his First Amendment and equal protection rights.[3] The First Amendment[4] provides, in relevant part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Equal Protection Clause "requires the government to treat similarly situated people alike." *Anderson v. Cass County, Mo.*, 367 F.3d 741, 747 (8th Cir. 2004). "An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class." *Setzke v. Norris*, 2009 WL 723244, at *15 (W.D. Ark. Mar. 17, 2009) (holding that equal protection claim failed because plaintiff was not a member of a protected class and did not explain how he was treated differently from other similarly situated individuals). To establish an equal protection violation, a plaintiff must also show that he was treated differently than others similarly situated to him. *See Mendoza-Osequera v. Sanders*, 2006 WL 3690889, at *4 (E.D. Ark. Dec. 12, 2006).

Massey's claims are properly brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[5] Section 1983 creates liability for every person who, under the color of any State, deprives any citizen of any rights, privileges, or immunities secured by the Constitution. To state a claim under § 1983,

---

[3]Under the complaint's "Facts" section, Massey states that he "was denied due process and equal protection under the law." However, his "Legal Claims" section does not assert a due process claim.

[4]The Supreme Court has held that the Fourteenth Amendment guarantees the right to petition for redress of grievances against abridgment by the States, a holding that is sometimes described as "incorporating" that provision of the First Amendment into the Fourteenth. *See De Jonge v. Oregon*, 299 U.S. 353, 364, 57 S. Ct. 255, 260, 81 L. Ed. 278 (1937); JOHN E. NOVAK & RONALD D. ROTUNDA, CONSTITUTIONAL LAW § 11.6 (7th ed. 2004).

[5]The complaint does not mention Title 42 of the United States Code, but for purposes of analyzing the motions to dismiss, the Court construes his First Amendment and equal protection claims as being properly asserted under §§ 1983 and 1985, respectively.

3

a complaint must allege a violation of a constitutional right and that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

Section 1985 creates liability for a conspiracy to violate a person's right to equal protection. To establish a § 1985 claim based on equal protection violations, a complaint must allege: (1) that the defendants did conspire for the purpose of depriving a person of the equal protection of the laws; (2) that at least one of the co-conspirators acted or caused an act in furtherance of the conspiracy; (3) that the plaintiff's person or property was injured or that he was deprived of any right or privilege of a citizen of the United States; and (4) that the conspiracy was fueled by some class based, invidiously discriminatory animus. *See Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Hoyle v. Priest*, 59 F. Supp. 2d 827, 837 (W.D. Ark. 1999).

Massey's complaint also alleges a violation of RICO. To state a civil claim for damages under RICO, the complaint must allege the following: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. *See* 18 U.S.C. § 1962(a)-(c); *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).

The complaint does not specifically allege how Massey was deprived of the right to petition for a redress of grievances in violation of his First Amendment rights. The complaint does not allege that he was a member of a protected class, that he was deprived of a fundamental right, or that his treatment differed from others similarly situated to him. *See Ballard v. Reed*, 2007 WL 3102273, at *4 (E.D. Ark. Oct. 23, 2007) (holding that plaintiff's equal protection allegations "must also fail because he does not support his claim with allegations that he is a member of a protected class, has

4

been denied a fundamental right, or has received treatment that is different from that received by others similarly situated"). The complaint also fails to allege the necessary elements of a claim under either § 1983 or 1985.

On the RICO claim, the complaint mentions only the "enterprise" and "pattern of racketeering activity" elements:

> 82. A RICO enterprise may include courts.
>
> 83. The RICO enterprise described herein consists of Defendants, Judges, Lawyers, Police, Court Clerks, and DHS.
>
> 84. The Pattern of racketeering activity appears to be hundreds of acts of fraud, obstruction of justice, witnesses tampering, and fraud upon the court.

An enterprise is proved by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528, 69 L. Ed. 2d 246 (1981). A pattern of racketeering activity is proved by "evidence of the requisite number of acts of racketeering committed by the participants in the enterprise." *Id.* at 583, 101 S. Ct. at 2529. Massey's complaint does not allege the elements necessary to plead a claim for RICO. He does not explain how those elements are established by relevant factual allegations.

Under the standard set forth in *Twombly*, Massey's complaint fails to provide grounds of his entitlement to relief or something more than a formulaic recitation of the elements.

## II.

As described in the complaint, this case stems from a troubled relationship and subsequent divorce between Samuel Massey and his now ex-wife Shephanie Massey Rick. The following is a statement of the facts alleged in the complaint.

5

Around June 2007, Stephanie Massey called the police and informed them that the plaintiff had physically abused her and had illegal drugs in his vehicle. The officers arrived but found no drugs in his vehicle. The officers found Stephanie Massey in good health and witnessed her burning the plaintiff's clothes and destroying his personal belongings. Although they found her allegations to be untrue, they refused to stop her from destroying the plaintiff's property.

On August 21, 2007, the plaintiff arrived at the Independence County Circuit Court for divorce proceedings with his wife. Stephanie Massey sat with her attorney, Oscar Jones, directly in front of the plaintiff. Around noon, she looked at the plaintiff and said, "We are going to have the hearing postponed," to which Jones nodded in agreement. The plaintiff then left the courtroom. Unbeknownst to him, Judge Tim Weaver commenced the divorce proceeding in his absence, even though Jones and Judge Weaver knew he had been present earlier. During the proceeding, Stephanie Massey put on evidence that their two homes and land were gifts.

Sometime later, a friend informed the plaintiff that he could inspect the county records to determine whether he was divorced. He then obtained copies of his divorce decree which, to his surprise, stated that he had agreed to the divorce and its terms, even though he was not present at the divorce proceeding and had signed no documents. As a result, the plaintiff lost his two homes, land, and personal property.

After the divorce, the plaintiff's ex-wife married Chris Rick and became Stephanie Rick. On December 23, 2007, the plaintiff engaged in a physical altercation with Chris Rick because he and Stephanie were physically abusing the plaintiff's children. On December 26, the plaintiff reported the Ricks' behavior to Becky Clark (Chris Rick's parole officer), the Sheriff's Department for Independence County, and the Little Rock child and drug abuse hotline.

Stephanie Rick filed multiple police reports and sought protective orders based on false pretenses. In her most recent motion for a protective order on March 18, 2008, she asserted that the plaintiff vandalized her Jeep, ran her off the road, threatened her life, and threatened the lives of their children. At a March 27, 2008 hearing on that motion, Judge John Harkey refused to listen to the plaintiff and his witnesses, told the plaintiff that if he objected one more time he would be held in contempt, and said that the plaintiff's witnesses were liars before the trial began. Claudia Nobles and Ann McCartney refused to properly issue subpoenas and summons on behalf of the plaintiff. Becky Clark refused service of process of a subpoena issued by the plaintiff. Prior to trial, Judge Harkey, Oscar Jones, and Barbara Griffin held an ex parte meeting with Stephanie Rick and one of the plaintiff's witnesses. Although Stephanie Rick did not put on a single witness, as opposed to the plaintiff, the court entered an order of protection against the plaintiff.

On November 7, 2008, Chris and Stephanie Rick were arrested at their home on charges related to methamphetamine. The plaintiff's children lived at that house, and he had made several complaints about the drug and child abuse going on a the Ricks' house.

On November 10, 2008, the plaintiff filed a motion to obtain full custody of his children. However, he was arrested on a violation of his protective order after Nobles and McCartney reported that he had said hello to Stephanie Rick in the courthouse while filing his motion for full custody. The plaintiff then filed a motion for discovery and notice of appeal. On November 11, Scott Stalker asked the plaintiff who was helping him and where he obtained the motion for discovery and notice of appeal. Judge Stephen Choate conducted a hearing on the plaintiff's motion for custody and ruled that the plaintiff could not obtain full custody because of the protective order against him. Judge Choate would not allow the plaintiff to put anything on the record.

As a result, the ADHS was given custody of the children. Sometime later, the ADHS conducted several custody hearings without giving notice to the plaintiff, and custody was given back to Stephanie Rick. The plaintiff then filed this lawsuit against the defendants, alleging common law fraud and violations of his First Amendment right to court access, the Equal Protection Clause, and RICO.

### III.

Pending before the Court are five motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address them in the order in which they were filed.

**A.  JILL BLANKENSHIP**

Jill Blankenship has filed a motion to dismiss for failure to state a claim upon which relief can be granted. In response, Massey states only that he will demonstrate at trial how Blankenship violated RICO and committed mail fraud. At this stage in the litigation, the question is whether Massey's complaint, as written, has alleged facts sufficient to support a legal claim against Blankenship. Other than listing her as a defendant, Massey's complaint makes no factual allegations regarding Blankenship. Therefore, his complaint fails to state any claims for relief against her.

**B.  INDEPENDENCE COUNTY DEFENDANTS**

The Independence County Defendants (Sheriff Keith Bowers, Judge Chaney Taylor, Claudia Nobles, and Ann McCartney) have filed a motion to dismiss. They argue that the complaint fails to give notice as to which factual allegations correspond to and support the various legal claims; that the complaint does not make a factual allegation against Sheriff Keith Bowers; and that Judge Chaney Taylor is entitled to judicial immunity. Massey has provided no response.

Other than listing him as a defendant, the complaint does not make a factual allegation against Sheriff Bowers. The only factual allegations regarding Nobles and McCartney are as follows:

> 57. Claudia Nobles and Ann McCarthy [sic] refused to properly issue subpoenas and refused to issue summons for Plaintiff [sic] claim against Stephanie L. Massey/Rick.
>
> * * *
>
> 67. Claudia Nobles, Ann McCarty [sic] and Deputy Sheriff claimed Plaintiff said "Hi" to Stephanie L. Massey/Rick in the court house while filing motion for full custody.

These sparse allegations are insufficient to state a claim for relief against Bowers, Nobles, and McCartney as to any of Massey's federal claims.

Judge Chaney Taylor is protected by absolute judicial immunity. A judge is generally immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 287, 16 L. Ed. 2d 9 (1991). Judicial immunity is immunity from suit, not just from ultimate assessment of damages. *Id.* at 11, 112 S. Ct. at 288 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct 2806, 2815, 86 L. Ed. 2d 411 (1985)). Judicial immunity cannot be overcome by mere allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly.")). Instead, immunity can only be overcome if the judge acted outside of his judicial capacity or in the complete absence of all jurisdiction. *Id.* at 11-12. Massey's complaint only mentions Judge Taylor once, at paragraph 69: "When Plaintiff and witnesses showed up for [the hearing on his motion for custody,] Gary Vision, Chaney Taylor, and Scott Stalker just stared at us whispering to one another. At which time they didn't have trial." The complaint does not allege

9

facts sufficient to state a claim for relief against Judge Taylor, or to show that he was acting outside his judicial capacity or in the complete absence of all jurisdiction, even if his actions could be considered as directed toward the plaintiff. Thus, Judge Taylor is protected by absolute judicial immunity.

C.  **OFFICE OF CHIEF COUNSEL FOR ADHS AND RELATED DEFENDANTS**

A motion to dismiss has been filed by the Office of Chief Counsel for the ADHS, Prosecuting Attorney Don McSpadden, DHS Caseworker Virginia Canard, Attorney ad litem Linda Boone, Parole Officer Becky Clark, and Judges Tim Weaver, John Norman Harkey, Chaney Taylor, and Stephen Choate. They argue that: the complaint fails to allege facts sufficient to state a claim upon which relief can be granted; the judges are entitled to absolute judicial immunity; McSpadden is entitled to absolute prosecutorial immunity; and the complaint makes no allegations as to McSpadden, Canard, and Boone. Massey has not responded.

As with Blankenship and Bowers, other than listing them as defendants, the complaint makes no factual allegations against McSpadden, Canard, or Boone. Therefore, the complaint fails to state a claim for relief against them.

Becky Clark, also a Probation Officer with the Arkansas Department of Community Correction and Chris Rick's probation officer, is protected by sovereign immunity. The only allegations against Clark are that she refused service of a subpoena after telling the plaintiff that a subpoena was unnecessary, and that the plaintiff had reported the Ricks' abusive behavior to her. A suit against a state official in her official capacity[6] is not a suit against the official but rather a suit

---

[6]Because Massey's complaint does not specify whether he is suing Clark in her official or individual capacity, the section 1983 action against her is deemed to be against her in her official capacity. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

against the official's office, and thus against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Thus, to the extent that the complaint makes a claim against Clark in her official capacity as a Probation Officer, she is protected by sovereign immunity.

The Court has already discussed the doctrine of absolute judicial immunity in dismissing Massey's claims against Judge Taylor. For all the same reasons, Judges Weaver, Harkey, and Choate are also protected by absolute judicial immunity. The complaint alleges that Judge Weaver was unfair in conducting Massey's divorce proceedings by continuing with the proceedings in his absence and allowing Stephanie Rick and other witnesses to testify to the plaintiff's detriment. The complaint alleges that, at the hearing on Stephanie Rick's motion for a protective order, Judge Harkey refused to listen to the plaintiff or his witnesses, called the witnesses liars, and held an ex parte meeting. Finally, the only allegations against Judge Choate are that he did not allow the plaintiff to put anything on the record at a hearing on the plaintiff's motion for full custody, and that he refused to grant the plaintiff full custody due to the protective order. Judges are immune from suit for money damages, unless they were acting outside of their judicial capacity or in the absence of all jurisdiction. *Mireless*, 502 U.S. at 11, 112 S. Ct. at 288. All of the judges' actions described in the complaint occurred within the context of judicial proceedings and while the judges were acting within their respective judicial capacities. Therefore, Massey cannot sue them for money damages, as they are protected by absolute judicial immunity.

The Chief Counsel's Office of the ADHS is protected by sovereign immunity.

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

*Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389 (1945)). A suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984). Even though the State of Arkansas is not a named party, Massey's suit against the Arkansas Department of Human Services is essentially one against the State of Arkansas, and is thus barred by the Eleventh Amendment.

Even if the above defendants were not protected by immunity doctrines, the claims against them would still be dismissed for failure to state a claim. As the Supreme Court explained in *Twombly*, a formulaic recitation of the elements of a cause of action is not sufficient to give the defendants notice of the grounds of Massey's claims against them. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. In the "Legal Claims" section, the complaint provides headings for each of his legal claims ("Access to the Courts," "Fraud," "Equal Protection of the Law," and "RICO") and cites to case law for each of those claims. The complaint does not succinctly allege facts that would satisfy the elements of each cause of action, nor does Massey explain how the respective causes of action are supported by the complaint's factual allegations. The sparse factual allegations are insufficient to allege all of the elements for RICO. There are no allegations that Massey was a member of a protected class, nor that any ill treatment of him was based on his membership in a class. A complaint must do more than just allege a series of facts and then list several causes of action—it must give the defendants fair notice of how they are alleged to have engaged in a particular violation of the law. The complaint here does not give the defendants such notice.

### D. OSCAR JONES

Oscar Jones, the attorney for Stephanie Rick, moves to dismiss for failure to state a claim. Massey has responded. In his response, Massey quotes from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Massey then states that Jones and Judge Weaver are the main actors in his RICO allegations, that Jones and Judge Weaver retaliated against him in his divorce proceedings because he had previously testified against Scott Stalker, and that as a result he lost personal property and custody of his children.

Massey's complaint fails to state any claims for relief against Jones. The only factual allegations against Jones are that he nodded his head after Stephanie Rick stated that "[w]e are going to have the hearing postponed;" that he continued with the divorce proceedings knowing Massey was absent; that he, Judge Harkey, and Barbara Griffin had an ex parte meeting with Stephanie Rick and one of the plaintiff's witnesses; and that he, Gary Vision, and Scott Stalker sat in a jury box laughing at the plaintiff and witnesses. As the Court has already explained, Massey's complaint must do more than make a series of factual allegations and then list legal claims—it must put Oscar Jones on notice of the grounds for Massey's claims against him. To the extent that it is possible to determine from the complaint which legal claims Massey is asserting against Jones, the complaint's factual allegations are not sufficient to support any of the claims listed in the complaint.

### E. SCOTT STALKER

Finally, Scott Stalker moves to dismiss for failure to state a claim, arguing that the complaint only makes a claim against him in his official capacity. Massey has not responded.

The only factual allegations against Stalker are that while sitting in a jury box with Jones and Gary Vision he laughed at Massey and witnesses; that he, Vision, and Judge Taylor stared at him and whispered; and that he asked Massey about who was giving him legal assistance. For the same

13

reasons as those discussed with the above defendants, these factual allegations are insufficient to state a claim for relief against Scott Stalker.

### F. BARBARA GRIFFIN

Barbara Griffin has filed an answer in which she requested the Court to dismiss the complaint for, among other reasons, failure to state a claim upon which relief may be granted. Massey has filed a "Response to Barbara Griffin's Answer to Motion to Dismiss" in which he addresses Griffin's stated reasons that the complaint should be dismissed. The complaint fails to state a claim upon which relief may be granted against Griffin. Therefore, the complaint will be dismissed as to her.

### G. STATE-LAW CLAIM FOR FRAUD

Massey's complaint also alleges a state-law claim for fraud. Although a district court may exercise supplemental jurisdiction over state-law claims arising out of the same case or controversy, a district court may also decline to do so if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has dismissed Massey's federal law claims, the Court declines to exercise supplemental jurisdiction over his state-law claim for fraud. *See Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (after dismissing the federal claims, the district court should have exercised judicial restraint and declined pendent jurisdiction because of "the necessity to provide great deference and comity to state court forums to decide issues involving state law questions").

## CONCLUSION

The motions to dismiss by Jill Blankenship, Sheriff Keith Bowers, Judge Chaney Taylor, Claudia Nobles, Ann McCartney, Don McSpadden, Virginia Canard, Linda Boone, Becky Clark, Judge Tim Weaver, Judge John Norman Harkey, Judge Stephen Choate, Barbara Griffin, the Office of Chief Counsel for the ADHS, Oscar Jones, and Scott Stalker are GRANTED. Documents #2,

#25, #28, #33, #35, and #38. Judges Taylor, Weaver, Harkey, and Choate are protected by absolute judicial immunity. The claims against them are dismissed with prejudice. Becky Clark and the Office of Chief Counsel for the ADHS are protected by sovereign immunity for claims against them in their official capacity, so any claims against them in their official capacities are dismissed with prejudice. Massey's federal claims against all other defendants are dismissed without prejudice. Because Massey's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his state-law claim of fraud. The Office of Chief Counsel for the ADHS and the related defendants have filed a motion for extension of time to file a responsive pleading. Because those defendants have been dismissed from the case, that motion is DENIED as moot. Document #4.

    IT IS SO ORDERED this 21st day of January, 2010.

                                                J. LEON HOLMES  
                                                UNITED STATES DISTRICT JUDGE